*WILKES,*
July, 1832.

STONE
*v.*
HEAD and
Others.

----»•©◉◉«••----

IN WILKES SUPERIOR COURT, JULY TERM, 1832.

### SEMMES *vs.* PORTER.

### *Assumpsit.*

THIS action has been brought against the defendant as executor *de son tort.* The plaintiff's demand was for articles for the support and clothing of the three youngest children of Thomas Porter deceased, the testator. In the first clause of his will he directed, that his wife Mary Porter and his three youngest children should reside on the plantation whereon he died. In a subsequent bequest, he gave his negroes during her life for her support, and the support of his three youngest children, of whom the defendant is one. In an after clause of his will he gave to the defendant six hundred acres of land to be laid'off out of the tract whereon he lived at the time of his death, but that he should not take entire possession of his land: that his wife and his two youngest children should reside upon it. Nor after the death of his wife should the said Solon have entire possession of the land, if his two daughters should not be of full age or be married.

Although a son under his father's *will,* may have an interest in the crop growing upon land devised, for the support of himself, his mother and other children; if his mother die, and he seizes upon the crop without being appointed executor or administrator of his mother, his interest in the crop will not shield him from liability as executor *de son tort.*

Mary Porter died in the month of August, 1831, and left a crop of cotton on the land, which the defendant sold, and offers the will to show his interest in the cotton and contended that the sale of it could not make him an executor *de son tort.*

The court, upon the reflection that the case permitted, held that the cotton left on the plantation belonged to the estate of Mary Porter, and ought to be assets in the hands of her representative to satisfy the demand of the plaintiff and such other debts as might be due by Mary Porter in her life time. That the interest of the defendant in the land could not exempt him from the charge of intermeddling with the estate of Mary Porter deceased. The jury found according to the opinion of the court.